IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| LUIS RODRIQUEZ, | ) | CIVIL ACTION NO. 9:12-2154-MGL-BM |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| MAUREEN CRUZ, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

This Petition for a writ of habeas corpus was filed on August 1, 2012, pursuant to 28 U.S.C. § 2241. Petitioner is currently incarcerated at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey.[1]

Respondent filed a motion to dismiss on November 15, 2012. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on November 16, 2012, advising Petitioner of the importance of a motion to dismiss and of the necessity for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondent's motion may be granted, thereby ending his case. Petitioner thereafter filed a response in opposition to the motion on November 29, 2012, Respondent filed a reply on December 10, 2012, Plaintiff filed a supplemental response on December 11, 2012, and a sur-reply on December 17, 2012.

---

[1] At the time this action was filed, Petitioner was incarcerated at FCI Williamsburg, in Salters, South Carolina.

This matter is now before the Court for disposition.[2]

## Background

Petitioner is challenging the conduct and consequences of disciplinary proceedings conducted while he was being housed at FCI Schuylkill in Schuylkill, Pennsylvania. Petitioner alleges he was denied due process when he was convicted of committing the prohibited acts of Possessing a Hazardous Tool (Code 108), Assault (Code 224), Refusing an Order (Code 107), and Escape (Code 102). See Petition, pp. 8-9; Supplemental Petition (Court Docket No. 15); see also Cassaro Declaration (Court Docket No. 24-1), at ¶¶ 4 and 5. Petitioner seeks "dismissal of these sanctions off my inmate record and order my Good Time Conduct Time be give back." Petition, p. 9.

The record reflects that pursuant to the administrative remedies process, the Northeast Regional Director remanded the two disciplinary actions at issue against Petitioner back to FCI Schuylkill, directing that reprocessing be conducted within thirty (30) days. See Cassaro Declaration, ¶¶ 6-7, and attached Exhibits. Cassaro attests, however, that due to an oversight FCI Schuylkill did not reprocess the disciplinary actions. See Cassaro Declaration, ¶ 8. Cassaro further attests that since the disciplinary actions were not reprocessed within the time period set out by Northeast Regional Director, the disciplinary actions were expunged and Petitioner's Good Conduct Time was restored effective October 22, 2012 and November 2, 2012, respectively. See Cassaro Declaration, ¶¶ 9-10, and attached Exhibits. Based on the restoration of Petitioner's Good Time Credit, Petitioner's record

---

[2]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 19.02(B)(2)(c), D.S.C. Respondent has filed a motion to dismiss. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.

now reflects that he was awarded 54 days credit for the period of July 21, 2011 through July 21, 2012. See Cassaro Declaration, ¶ 10, and attached Exhibits.

Respondent contends that based upon the expungement of the two disciplinary actions and restoration of Petitioner's good time credit, the Petition is now moot. See Randall v. Martinez, No. 08-1458, 2008 WL 2744339 at * 1 (3d Cir. July 15, 2008)[Finding petitioner's request to expunge his disciplinary charges from his record moot, because he received that relief]. While Petitioner does not contest that his petition is moot with regard to his request to expunge the two disciplinary charges and restore his good time credits, he now complains in his supplemental filings about being confined in a higher security facility and not placed under "Out Custody"[3]. Petitioner requests this Court to find that, due to the lack of due process he received, his classification should be changed to a lower level. See Petitioner's Supplemental Filings. The record reflects that after the expungement of the two incident reports, Petitioner's custody level dropped and he was re-designated to FCI Fort Dix (Low). See Cassaro Supplemental Declaration (Court Docket No. 28-1), ¶ 2. However, Petitioner contends that he is entitled to be reclassified to "out custody", since his current custody classification was imposed without proper due process.

The Respondent has submitted an exhibit to show that Petitioner's current custody level is a result of his security management variable, which is "required when placement has been made and/or maintained at an institution level inconsistent with the inmate's scored security level."

---

[3] The BOP defines "OUT Custody" classification as the second lowest custody level assigned to an inmate requiring the second lowest level of security and staff supervision. An inmate who has OUT custody may be assigned to less secure housing and may be eligible for work details outside the institution's secure perimeter with a minimum of two hour intermittent staff supervision. BOP Program Statement 5100.08 [bop.gov (5000 series)(5100.08)(last visited Feb. 5, 2013]; see also Barber v. Perdue, No. 11-127, 2012 WL 5996342 at * n. 5 (N.D.N.Y. Nov. 9, 2012), adopted by, 2012 WL 5996866 (N.D.N.Y. Nov. 30, 2012).



See Cassaro Supplemental Declaration, ¶ 3. Cassaro further attests that "[e]ven though the two incident reports were expunged due to procedural errors, the conduct that led to the two incident reports i.e., escape, assaulting a staff member, possessing a hazardous tool, and refusing an order, is still relevant in determining an appropriate security level facility. Therefore, the Petitioner is no longer eligible to be housed in a Camp because the above described conduct displayed by the Petitioner." See Cassaro Supplemental Declaration, ¶ 4. The history and characteristics of a prisoner are among the factors the BOP can consider when determining the assignment of prisoners. 18 U.S.C. § 3621(b). See also Gosier v. Mitchell, No. 09-931, 2010 WL 619175 at * 4, n. 1 (D.S.C. Feb. 18, 2010).

### Discussion

Respondent asserts in its supplemental filings to the motion to dismiss that Petitioner cannot challenge his custody level in this federal habeas petition under § 2241, and that since the original relief Petitioner sought, the overturning of his disciplinary convictions and restoration of his good time credits, has been provided, the Petition should be dismissed. The undersigned agrees. Although § 2241 may be an appropriate vehicle to challenge a "quantum change in level of custody", such as from a BOP facility to a halfway house, Petitioner here is not challenging such a custody change. See Gosier, 2010 WL 619175 at **3-4 [change of custody from BOP facility to halfway house would amount to a quantum change in level of custody]; Brown v. LaManna, 08-1918, 2008 WL 5062180 at * 3 (D.S.C. Nov. 19, 2008)[Since issue of community confinement was not at issue, the length or term of petitioner's sentence would not change, and court therefore did not have jurisdiction under § 2241].



While there are a few cases where custody classification issues have been addressed

4

in § 2241 actions, the more appropriate procedure for asserting such a claim is through a Bivens[4] action, *after* exhaustion of administrative remedies asserting such a claim. Banks v. Warden of the Federal Transfer Center, No. 11-201, 2012 WL 728370 at *2 (W.D.Okla. Feb. 15, 2012)[Where prisoner requested that he be reclassified and the management variable be removed, the court found that his challenge to his custody classification did not impact the fact or duration of confinement and was not cognizable under § 2241], *adopted by*, 2012 WL 728321 (W.D.Okla. Mar. 5, 2012); Duran v. Medina, No. 12-476, 2012 WL 5994676 at * 3 n. 2 (W.D.La. Sept. 19, 2012)[Petitioner's "claim as to the change in his security classification and his transfer to a higher security prison do not state a claim for the violation of a constitutional right cognizable under Section 2241"], *adopted by*, 2012 WL 5994495 (W.D.La. Nov. 30, 2012). Pursuant to this requirement, Petitioner would be required to show that a classification decision was arbitrary and capricious (a high burden), with the BOP being first allowed to address (and possibly remedy) this issue administratively prior to a case being brought in this Court. See Grier v. Mitchell, No. 11-42, 2011 WL 5517242 at * 1(D.S.C. Nov. 1, 2011)["[P]ursuant to [42 U.S.C.] § 1997e(a), the exhaustion requirement is applicable to Bivens claims."](citing Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1214 (10th Cir. 2003), abrogated on other grounds by, Jones v. Bock, 549 U.S. 199 (2007)); cf. Toolasprashad v. Schult, No. 10-1289,

---

[4] In Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), the Supreme Court established a direct cause of action under the Constitution of the United States against federal officials for the violation of federal constitutional rights. A Bivens claim is analogous to a claim under 42 U.S.C. § 1983. However, federal officials cannot be sued under 42 U.S.C. § 1983 because they do not act under color of *state* law. See Harlow v. Fitzgerald, 457 U.S. 800, 814-820 (1982). Harlow and progeny indicate that case law involving § 1983 claims is applicable in Bivens actions and *vice versa*. Farmer v. Brennan, 511 U.S. 825 (1994). See also Mitchell v. Forsyth, 472 U.S. 511, 530 (1985); Turner v. Dammon, 848 F.2d 440, 443-444 (4th Cir. 1988); Osabutey v. Welch, 857 F.2d 220, 221-223 (4th Cir. 1988); and Tarantino v. Baker, 825 F.2d 772, 773-775 (4th Cir. 1987), cert. denied, North Carolina v. Tarantino, 489 U.S. 1010 (1989).



5

2011 WL 5975063 at *3 (N.D.N.Y. Nov. 29, 2011)["[E]ven if this case was not moot, no relief would issue because "[t]he BOP is the sole agency charged with discretion to place a convicted defendant within a particular treatment program or a particular facility."](quoting Levine v. Apker, 455 F.3d 71, 83 (2d Cir. 2006); White v. Berkbile, No. 11-48 2011WL 1868973 at * 5 (E.D.Ky. May 16, 2011)["[R]egardless of whether [the prisoner] files a *Bivens* civil rights action or a § 2241 petition, it is well-settled that prison classifications, assignments, and transfers are functions wholly within the discretion of the BOP."](citing Olim v. Wakenekona, 461 U.S. 238, 245 (1983).

### Conclusion

Based on the foregoing, it is recommended that the Respondent's motion be **granted**, and that the Petition be **dismissed, with prejudice.**[5]

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

February 7, 2013

Charleston, South Carolina

---

[5] To the extent that Petitioner has attempted to supplement his petition by raising a new issue with regard to his custody classification (which classification occurred after the filing of his petition), that issue is not properly before the Court and any dismissal of that issue should be without prejudice. If Petitioner continues to wish to contest his custody classification, he can file a Bivens case, *after* exhaustion of his prison administrative remedies. See discussion, supra; White, 2011 WL 1868973 at **5-6.



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

