IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Luis Rodriquez, | ) CA No. 9:12-2154-MGL |
|                 Petitioner, | ) |
| vs. | ) |
| | ) **<u>Opinion and Order</u>** |
| Maureen Cruz, | ) |
|                 Respondent. | ) |
| _____ | ) |

This matter is before the Court on the Report and Recommendation of the Magistrate Judge recommending that the Court grant Respondent's motion to dismiss. (ECF No. 24). The Report and Recommendation sets forth in detail the relevant facts and legal standards on this matter, which the Court incorporates herein without recitation.

## BACKGROUND

Petitioner Luis Rodriquez is an inmate in the Federal Correctional Institution ("FCI") and is currently housed in Fort Dix, New Jersey. On August 1, 2012, Petitioner, proceeding *pro se*, filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.

In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant, for pretrial handling. On November 15, 2012, Respondent filed a motion to dismiss. As Petitioner is proceeding *pro se*, an Order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir.1975), was issued on November 16, 2012, advising Petitioner that a motion to dismiss had been filed and the importance for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Court could grant Respondent's motion to dismiss. On November 29, 2012, Petitioner filed his response to

1

Respondents' motion for summary judgment. (ECF No. 27) and Respondent filed a reply on December 10, 2012 (ECF No. 28). Thereafter, Petitioner filed a supplemental response on December 11, 2012 (ECF No. 32) and a sur-reply on December 17, 2012. (ECF No. 34). On February 7, 2013, the Magistrate Judge issued a Report and Recommendation which recommended that Respondent's motion to dismiss be granted and that the petition be dismissed. (ECF No. 40). After receiving the Magistrate Judge's Report and Recommendation, Petitioner filed a motion for reconsideration. (ECF No. 42).

## LEGAL STANDARD

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270, 96 S.Ct. 549, 46 L.Ed.2d 483 (1976). The Court is charged with making a *de novo* determination of any portions of the Report and Recommendation to which specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or may recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of objections to the and Recommendation, this Court is not required to give any explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198, 199 (4th Cir.1983).

## PETITIONER'S MOTION FOR RECONSIDERATION

On February 19, 2013, Petitioner filed a motion for reconsideration of the Magistrate Judge's Report and Recommendation pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. The Court construes Petitioner's motion for reconsideration as objections to the Report and Recommendation. After conducting a *de novo* review of those matters as to which an objection was

2

made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the Court agrees with the conclusions of the Magistrate Judge. Accordingly, the Court adopts and incorporates the Report and Recommendation by reference in this Order.

Petitioner's objections fail to establish that the Report and Recommendation errs in any respect. The objections state general disagreement with the Report and Recommendation's conclusions, or include argument which was considered and rejected by the Magistrate Judge.

## CONCLUSION

Accordingly, Respondent's motion to dismiss is **GRANTED**, and this petition is dismissed with prejudice.

## CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c) (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c) (3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller–El v. Cockrell*, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is denied.

**IT IS SO ORDERED.**

/s/Mary G. Lewis
United States District Judge

June 3, 2013
Spartanburg, South Carolina